1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

| | |
|---|---|
| **TOMMY SHIVERS,**<br><br>Petitioner,<br><br>v.<br><br>**VERONICA,**<br><br>Respondent. | Case No. 1:15-cv-01570 MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES AND FAILURE TO STATE A COGNIZABLE CLAIM** |

17

18

19

20

21

22

Petitioner is a state detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a disciplinary report from September 14, 2015 alleging that he was masturbating in the hospital library. (Pet., ECF No. 1.) Petitioner has not provided any description of the resulting discipline he received, and further states that this filing is his first attempt to seek redress from the matter. (Pet.)

**I.     DISCUSSION**

23

24

**A.     Exhaustion**

25

26

27

28

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d

1

1   490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition.

2   Rule 5 of the Rules Governing § 2254 Cases.

3          A petitioner who is in state custody and wishes to collaterally challenge his

4   conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.

5   28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court

6   and gives the state court the initial opportunity to correct the state's alleged constitutional

7   deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S.

8   509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

9          A petitioner can satisfy the exhaustion requirement by providing the highest state

10  court with a full and fair opportunity to consider each claim before presenting it to the

11  federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S.

12  270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will

13  find that the highest state court was given a full and fair opportunity to hear a claim if the

14  petitioner has presented the highest state court with the claim's factual and legal basis.

15  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992)

16  (factual basis).

17         Additionally, the petitioner must have specifically told the state court that he was

18  raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford,

19  232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195

20  F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In

21  Duncan, the United States Supreme Court reiterated the rule as follows:

22         In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
       exhaustion of state remedies requires that petitioners "fairly present"
23     federal claims to the state courts in order to give the State the
       "'opportunity to pass upon and correct' alleged violations of the prisoners'
24     federal rights" (some internal quotation marks omitted). If state courts are
       to be given the opportunity to correct alleged violations of prisoners'
25     federal rights, they must surely be alerted to the fact that the prisoners are
       asserting claims under the United States Constitution. If a habeas
26     petitioner wishes to claim that an evidentiary ruling at a state court trial
       denied him the due process of law guaranteed by the Fourteenth
27     Amendment, he must say so, not only in federal court, but in state court.

28  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented any of the claims set forth in the petition to the highest state court, the California Supreme Court.

Petitioner must inform the Court if, in fact, the claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court.

## B.      Failure to State a Cognizable Claim

Further, it appears that the instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

1  for a prisoner or detainee to use to challenge the conditions of that confinement.

2  McCarthy v. Bronson, 500 U.S. 136, 141-42, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991);

3  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1

4  of the Rules Governing Section 2254 Cases.

5        Petitioner's claim does not appear to implicate the fact or duration of his

6  confinement. Petitioner states that he wants Respondent to "remove this lie off my

7  record so I can go home." (Pet. at 3.) While Petitioner requests his release, it is not

8  apparent that the resulting discipline from the incident, if any, is the cause of his

9  continued confinement. "[A] prisoner's claim for release from one form of custody to

10  another, less restrictive form of custody, can be brought in a habeas petition." See

11  Nettles v. Grounds, 788 F.3d 992, 1004 (9th Cir. 2015). However, Plaintiff's claims are

12  too vague to determine whether the claims are cognizable by way of a federal habeas

13  petition.

14        Petitioner must inform the Court what punishment, if any, resulted from the

15  incident and how it implicated the fact or duration of his confinement.

16  **II.**    **ORDER**

17        Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should

18  not be dismissed for Petitioner's failure to exhaust state remedies and failure to state a

19  cognizable claim. Petitioner is ORDERED to inform the Court if the claims have been

20  presented to the California Supreme Court and how his claims implicate the fact or

21  duration of his confinement within thirty (30) days of the date of service of this order.

22        Petitioner is forewarned that failure to follow this order will result in dismissal of

23  the petition pursuant to Local Rule 110.

24

25  IT IS SO ORDERED.

26     Dated:   __October 26, 2015__      /s/ *Michael J. Seng*

27                             UNITED STATES MAGISTRATE JUDGE

28